**STATE OF VERMONT**

**SUPERIOR COURT — ENVIRONMENTAL DIVISION**

| | |
|---|---|
| In re Hale Mountain Fish & Game Club | } Docket No. 190-11-10 Vtec |
| | } (appeal from Town of Shaftsbury |
| | } Development Review Board |
| | } determination) |

**Judgment Order**

Hale Mountain Fish & Game Club ("Hale Mountain") is a pre-existing not-for-profit Club that operates rifle, pistol, and clay pigeon-shooting ranges in the Town of Shaftsbury, Vermont ("Town"). Hale Mountain's property at 684 Rod and Gun Club Road has been the subject of multiple litigations before the former Vermont Environmental Board, the Vermont Supreme Court, the Environmental Division, and the Civil Division of the Vermont Superior Court.[1] In this Division, in the proceedings just prior to the above-referenced Docket, this Court concluded that Hale Mountain needed to obtain municipal land use approval for fourteen specific pre-existing improvements which the Court identified as follows:

(1)  installing a cover over the rifle-range shooting station between 1989 and 1991;
(2)  installing a cover over the pistol-range shooting station in 1995;
(3)  erecting a storage unit into the rifle-range shooting station in 1992;
(4)  installing wooden walls around the rifle-range shooting station in 1999;
(5)  improving the well serving the clubhouse and caretaker's trailer by removing tile and installing a steel cover and culvert in 2002;
(6)  installing a caretaker's trailer in 1994;
(7)  installing a clay-target storage trailer in 1997;
(8)  replacing the trap-house pad in 1991;
(9)  replacing the trap-field pavilion in 1991;
(10)  . . . removing of red pines on the property in 1992 [by the Pittstown Beagle Club];
(11)  constructing rabbit pens in 1992;
(12)  extending a culvert for the Beagles in 1992;
(13)  installing a portable toilet on the Beagles' property;
. . . and
(19)  erecting a berm around three sides of the pistol range in the mid-1990s.

In re Hale Mountain Fish & Game Club, Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 8 (Vt. Envtl. Ct. Dec. 15, 2009) (Durkin, J).[2]

---

[1] We included a summary of the Factual and Procedural Background for these multiple litigations in our 2009 decision on the parties' cross-motions for summary judgment. See In re Hale Mountain Fish & Game Club, Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 2–6 (Vt. Envtl. Ct. Dec. 15, 2009) (Durkin, J).

[2] Items No. 14-18 are omitted from the above list because this Court concluded that those enumerated improve-ments did not require additional municipal land use approval. Id. at 11–12.

In an earlier decision in the same consolidated proceeding, the Court also determined that the parties were collaterally estopped from raising anew certain factual and legal issues that had been resolved by final determinations made in prior proceedings. See In re Hale Mountain Fish & Game Club, Nos. 149-8-04 Vtec and 259-12-05 Vtec, slip op. at 9–16 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J).

Hale Mountain thereafter submitted an application for a zoning permit for the enumerated improvements; that application was granted by the Town of Shaftsbury Zoning Administrator ("ZA"), but the ZA's approval was timely appealed to the Town of Shaftsbury Development Review Board ("DRB") by Owen and Kathy Beauchesne ("Neighbors"). When the DRB vacated the ZA's approval, Hale Mountain appealed to this Court. The Neighbors appear as interested persons in the present appeal, as does the Town.

When the parties were unable to resolve their disputes, the appealed application was set for trial, which was completed in one day of testimony on August 28, 2012 at the Civil Division of the Bennington Superior Court. At the conclusion of the evidentiary proceeding, the Court recessed to complete its deliberations, including legal research, and then reconvened the hearing to render its Findings of Fact and Conclusions of Law on the record of the August 28, 2012 merits hearing. This Judgment Order is issued to memorialize the Court's order and decree.

The Court first noted in its rulings from the bench that this litigation, the most recent in a long line of litigation in multiple forums between Hale Mountain and Neighbors, is unfortunate on two levels: first, that a palatable level of acrimony continues to exist between the parties, even after nearly two decades of litigation and, second, that the improvements being reviewed for permit approval were constructed before a permit for the work was sought.

There is one reality that appears clear to this Court: that Hale Mountain will continue to operate its facilities on Rod and Gun Club Road and that the Beauchesnes will continue to be its neighbors. Only the parties here have the ability to completely resolve their disputes; not this Court, not the former Environmental Board (n/k/a the Vermont Natural Resources Board), not the Supreme Court, and not the Town, through either its ZA or DRB. But, in the absence of the parties' voluntary resolution, this Court must fulfill its obligation to decide the specific factual and legal issues presented in this appeal. The Court did so by rendering its Findings of Fact and Conclusions of Law on the record of the August 28, 2012 merits hearing, which the Court summarizes as follows:

1. Each of the improvements, enumerated above, conform to the height, setback and other dimensional requirements for the applicable zoning district.

2. The enumerated improvements constitute uses that are included within the definition of permitted "group service uses" pursuant to Town of Shaftsbury Zoning Bylaw ("Bylaw") § 4.1.1.4.3.

3. Group service uses are permitted in all Rural Residence Zoning Districts ("RR Districts"), provided they first receive site plan approval by the DRB. Bylaw § 4.1.1.4. The Hale Mountain enumerated improvements are located in one of the RR Districts.

4. Hale Mountain did not apply for and the DRB did not review the enumerated improvements for site plan approval. No notice was provided for site plan approval before the DRB, since no such application was submitted.

5. There were no facts presented that would trigger conditional use review under the applicable provisions of Bylaw.

6. Hale Mountain is a not-for-profit corporation, licensed with the Vermont Secretary of State and registered to do business in the State of Vermont. I.R.C. § 501(c)(7) (2010).

7. Bylaw § 3.6 governs site plan review; subsection 3.6.2 defines the application requirements, which include submitting "[c]opies of all state permits and licenses required of the proposed project." Bylaws § 3.6.2.4. Neighbors asserted at trial that the Court should interpret this Bylaw provision to require that Hale Mountain's pending application be denied. Neighbors' assertion is premised upon their allegation that the Hale Mountain improvements require a further review under Act 250, the state land use law. 10 V.S.A., Chapter 151. No credible facts were presented to support Neighbors' assertions. We specifically reject, based upon the evidence presented, that Hale Mountain's enumerated improvements require further state land use review and reject that Bylaws § 3.6.2.4 acts as a bar to review and approval, conditional or not, of Hale Mountain's permit application.

8. No credible evidence was presented to show that the enumerated site improvements require conditions or safeguards, pursuant to Bylaw § 3.6.1.1, with respect to traffic access, circulation, parking, landscaping, screening, or the protection or utilization of renewable energy resources.

9. Hale Mountain presented credible facts to show that the enumerated improvements are permitted, conditioned upon site plan approval being issued.

## Conclusion

Hale Mountain's application for a zoning permit for the enumerated improvements is hereby **DENIED WITHOUT PREJUDICE** to Hale Mountain submitting a site plan application and supporting documents for review and approval by the Town of Shaftsbury Development Review Board. Once such approval is received and becomes final, Hale Mountain will be entitled to request that the Town of Shaftsbury Zoning Administrator complete the ministerial act of re-issuing a zoning permit for the enumerated improvements that were the subject of Hale Mountain's original application.

This completes the proceedings before this Court on the pending application.

Done at Newfane, Vermont, this 4th day of October 2012.

_____
Thomas S. Durkin, Judge